**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**TONY ANDRE BUFORD**                                                                **PLAINTIFF**

**VS.**              **CASE NO. 4:10-CV-01163 GTE**

**KENNY DURHAM, et al.**                                                            **DEFENDANTS**

## ORDER

The Court has reviewed the Magistrate's Proposed Findings of Fact and the Objections thereto filed by Plaintiff Tony Andre Buford. After a *de novo* review of the record, the Court concludes that the recommended disposition should be adopted as to Plaintiff Buford's claims that Defendants Randy Murray, Will Boscoe, and Scott Bradley intercepted his legal mail and that Defendant Murray denied him medical treatment. Based on the new allegations made by Plaintiff Buford in objecting to the Magistrate's recommendation, the Court declines to dismiss Plaintiff's claim that he has been subjected to unlawful racial discrimination while incarcerated. Plaintiff may pursue his claims of racial discrimination not only against Defendant Kenny Durham (who has already been served with a copy of the Amended Complaint and is alleged to have used excessive force) but also against Defendant Scott Bradley, who is the Sheriff of Van Buren County, Arkansas.

In his objections filed with the Court on October 14, 2010, Plaintiff Buford alleges for the first time that he has been the victim of racial segregation while incarcerated in Van Buren County Jail in Clinton, Arkansas. He states that the Caucasians and Hispanics are housed separately. He states that he is the only African-American, is housed with Hispanics, and has

been told that he "can't be put anywhere else." He alleges this poses an undue hardship on him because he does not speak or understand Spanish and is forced to watch television in Spanish. He also states that he has been denied permission to be a trustee or to work on the road crew because of his race.

Any prison policy or practice of segregating prisoners based on their race is "immediately suspect" and may only be upheld if the prison can demonstrate that such policy or practice is "narrowly tailored to serve a compelling state interest." *Johnson v. California*, 543 U.S. 499, 510 (2005) (omitting citations and internal quotations). Because Plaintiff has alleged facts which tend to support the claim that the Van Buren County jail has a policy and practice of segregating its prisoners on the basis of race or ethnicity, the Court can not dismiss Plaintiff's racial discrimination claims at this time. Plaintiff may pursue such claims against Defendant Kenny Durham who is alleged to have expressed threatening "racial views" on multiple occasions. He may also pursue his claims against Defendant Scott Bradley, who is the Sheriff of Van Buren County and as such may be responsible for any racially-based policies or practices. The Court will not at this time permit Plaintiff to pursue such claims against any other Defendants. Plaintiff asserts in his Amended Complaint that Randy Murray and Will Boscoe made unspecified racial remarks.[1] This vague assertion is insufficient to state a claim. The Court suggests that the case go forward solely against Defendants Durham and Bradley. Should discovery reveal a factual basis for a claim against other Defendants, they may be added. Alternatively, Magistrate Kearney in his discretion may require Plaintiff to state additional facts or take any other action he deems appropriate for the purpose of further screening Plaintiff's claims.

For the reasons stated above,

---

[1] Amended Complaint, Docket No. 7, at p. 5.

IT IS HEREBY ORDERED THAT the Partial Report and Recommendation (Docket No. 10) be, and it is hereby, adopted in part and denied in part.  The Court adopts the recommendation that Defendants Boscoe and Murray be DISMISSED.  The Court adopts the recommendation that the Plaintiff's claims against Defendant Bradley for interfering with his legal mail be DISMISSED.  The Court declines to adopt the recommended dismissal of Plaintiff's allegations of racial discrimination.

IT IS FURTHER ORDERED THAT Plaintiff's recently filed Objections (Doc. No. 12) be considered a Supplement to the Amended Complaint.  The Clerk of the Court shall correct the docket to so reflect.

IT IS FURTHER ORDERED THAT service is appropriate for Sheriff Scott Bradley solely as to the racial discrimination claim.  The Clerk of the Court shall prepare summons for Defendant Bradley, and the United States Marshal is hereby directed to serve a copy of the Amended Complaint (Doc. No. 7) and Plaintiff's Supplement to Amended Complaint  (Doc. No. 12) on Defendant Bradley without prepayment of fees and costs or security therefore.

IT IS SO ORDERED this   19th    day of October, 2010.

         /s/Garnett Thomas Eisele  
         UNITED STATES DISTRICT JUDGE